# EXHIBIT A

Filed          18-CI-00662     06/27/2018          Amy Feldman, Franklin Circuit Clerk

NOT ORIGINAL DOCUMENT
06/27/2018 06:46:09 PM
CourthouseNews-1

**COMMONWEALTH OF KENTUCKY**
**FRANKLIN COUNTY CIRCUIT COURT**
Civil Division
*Electronically Filed*

**TROY LACY,**

    **Plaintiff,**

v.                                             Case No. _____

**OXMOOR AUTO, INC.,**

    **Defendant**

---

### COMPLAINT

---

The Plaintiff, TROY LACY ("Mr. Lacy"), sues Defendant, OXMOOR AUTO, INC. ("Oxmoor"), pursuant to the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*; and the Americans with Disabilities Act, as amended ("ADA-AA"), 42 U.S.C. § 12112, *et seq.*, and states the following:

### INTRODUCTION

1. Mr. Lacy began his employment with Oxmoor in October 2014. Mr. Lacy suffers from a disability that affects his right-side extremities (his right arm and leg). Mr. Lacy's disability causes unexpected health emergencies. In fact, during his employment he suffered from cellulitis and blood clots in his lungs related to his disability, requiring hospitalization on two occasions. Notwithstanding his poor health, Mr. Lacy was a hard worker. He regularly worked six (6) days per week (approximately sixty (60) hours per week) for Oxmoor as manager of the company's

Presiding Judge: HON. PHILLIP J. SHEPHERD (648260)

Filed          18-CI-00662     06/27/2018          Amy Feldman, Franklin Circuit Clerk

COM : 000001 of 000015

"Subprime Finance Department." Mr. Lacy was highly-qualified and productive, supervising six (6) employees and overseeing average sales and finance of 40 to 50 vehicles per month. Oxmoor fired Mr. Lacy on June 18, 2017, because an infection related to his disability required him to miss a day of work to see the doctor.

2.  By terminating Mr. Lacy, Oxmoor violated the FMLA and the ADA-AA.

3.  Defendant's violations were willful and perpetrated with malice or reckless indifference to the law(s).

4.  Mr. Lacy hereby demands all remedies available in law and equity including but not limited to: judgment in his favor and against Oxmoor Auto, Inc.; payment of lost wages, salary, employment benefits and other compensation denied (including front pay and back pay); actual monetary losses sustained as a direct result of Oxmoor's violations; pre-judgement interest; liquidated damages; compensatory damages; punitive damages; injunctive relief; and reasonable attorneys' fees, expert witness fees and costs pursuant to 42 U.S.C. § 12117(a); 42 U.S.C. § 12205; 42 U.S.C. § 1981a(a)(3); 29 U.S.C. § 2617(a)(3).

## VENUE AND JURISDICTION

5.  Mr. Lacy resides in Jefferson County, Kentucky.

6.  Oxmoor Auto, Inc. has an office or agent in Franklin County, Kentucky.

7.  This Honorable Court has jurisdiction pursuant to 29 U.S.C. § 2617(a)(2); 42 U.S.C. § 2000e-5(f)(3); and 29 U.S.C. § 1132(e).

## HISTORY AND PURPOSE OF THE FMLA

8.  The Family Medical Leave Act ("FMLA" or "the Act") was enacted in

2

Filed 18-CI-00662 06/27/2018 Amy Feldman, Franklin Circuit Clerk NOT ORIGINAL DOCUMENT
06/27/2018 06:46:09 PM
CourthouseNews-1

1993. The intent of Congress in passing the Act was "to balance the demands of the workplace with the needs of families, to promote the stability and economic security of families, and to promote national interests in preserving family integrity." 29 C.F.R. § 825.101(a).

9. "The FMLA was predicated on two fundamental concerns – the needs of the American workforce, and the development of high-performance organizations." 29 C.F.R. § 825.101(b). The Act was intended to benefit both employers and their employees as Congress, in passing the law, recognized the direct correlation between "stability in the family and productivity in the workplace." 29 C.F.R. § 825.101(c).

10. The FMLA allows covered employees to take unpaid medical leave for the birth or adoption of a child; for the care of a service member with a serious injury or illness; for the care of a spouse or a parent who is ill; for the care of a sick child; and, as in this particular case, for personal medical reasons. *See* 29 C.F.R. § 825.101(a).

## PURPOSE OF THE ADA-AA

11. On July 26, 1990, President George H.W. Bush signed the Americans with Disabilities Act (ADA) into law. Pub. L. 101-336, § 2, July 26, 1990, 104 Stat. 328.[1]

12. The ADA was the world's first comprehensive civil rights law for people

---

[1] The House Resolution (H.R. 2273) passed with overwhelming bipartisan support with 248 Democrats and 155 Republicans voting "Aye." The Senate bill (S. 933) also passed with bipartisan support, with 44 Democrats and 32 Republicans voting in favor of passage.

3

Filed 18-CI-00662 06/27/2018 Amy Feldman, Franklin Circuit Clerk

Presiding Judge: HON. PHILLIP J. SHEPHERD (648260)
COM : 000003 of 000015

Filed                18-CI-00662    06/27/2018            Amy Feldman, Franklin Circuit Clerk
NOT ORIGINAL DOCUMENT
06/27/2018 06:46:09 PM
CourthouseNews-1

with disabilities. It bans discrimination on the basis of disability in the areas of employment public accommodation, public services, transportation and telecommunications. 42 U.S.C. § 1201, *et seq.*

13. In passing the law, Congress found that "historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination . . .continue to be a serious and pervasive social problem." 42 U.S.C. § 12101(a)(2). Congress also found that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals." 42 U.S.C. § 12101(a)(7).

14. By passing the ADA, Congress intended "to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities." 42 U.S.C. § 12101(b)(4).

15. The ADA was amended in 2008 (ADA Amendments Action of 2008) to expand the definition of "disability" and to make it easier for individuals seeking protection under the statute to establish coverage. Pub. L. 110-325, § 3, Sept. 25, 2008, 122 Stat. 3554.[2]

16. The ADA-AA prohibits covered entities from "discriminat[ing] against qualified individual(s) on the basis of disability in regard to job application procedures,

---

[2] The 2008 Amendments to the ADA also passed with overwhelming bipartisan support. *See* www.govtrack.us/congress/votes. (Search H.R. 3195 and S. 3406).

4

Presiding Judge: HON. PHILLIP J. SHEPHERD (648260)

COM : 000004 of 000015

Filed                18-CI-00662    06/27/2018            Amy Feldman, Franklin Circuit Clerk

Filed        18-CI-00662   06/27/2018        Amy Feldman, Franklin Circuit Clerk
NOT ORIGINAL DOCUMENT
06/27/2018 06:46:09 PM
CourthouseNews-1

the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions and privileges of employment." 42 U.S.C. § 12112(a).

17. The term "discriminating against a qualified individuals on the basis of disabilities" includes, but is not limited to:

    a. Limiting, segregating, or classifying a qualified individual in a way that adversely affects the opportunities or status as an employee because of the his or her disability;

    b. Utilizing standards, criteria, or methods of administration that have the effect of discrimination on the basis of disability or that perpetuate the discrimination of others who are subject to common administrative control;

    c. Excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association (i.e. a family member);

    d. Not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individuals with a disability who is an employee (unless doing so would impose an undue hardship on the operation of the business); and/or

    e. Denying employment opportunities to a qualified individual with a disability, if such denial is based on the need of the covered entity to make reasonable accommodation to the physical or mental impairments of the employee.

5

Presiding Judge: HON. PHILLIP J. SHEPHERD (648260)
COM : 000005 of 000015
Filed        18-CI-00662   06/27/2018        Amy Feldman, Franklin Circuit Clerk

Filed                18-CI-00662    06/27/2018        Amy Feldman, Franklin Circuit Clerk
                                                                    NOT ORIGINAL DOCUMENT
                                                                    06/27/2018 06:46:09 PM
                                                                    CourthouseNews-1

42 U.S.C. § 12112(b).

### The Facts

18. In 2015, Defendant employed 50 or more employees within a 75-mile radius of the location(s) where Plaintiff worked.

19. In 2016, Defendant employed 50 or more employees within a 75-mile radius of the location(s) where Plaintiff worked.

20. In 2017, Defendant employed 50 or more employees within a 75-mile radius of the location(s) where Plaintiff worked.

21. At all times relevant, Defendant was engaged in commerce within the meaning of 29 U.S.C. § 2611(1).

22. At all times relevant, Defendant was an "employer" as defined by 42 U.S.C. § 12111(5).

23. At all times relevant, Defendant was an "employer" as defined by 29 U.S.C. § 2611(4).

24. At all times relevant, Defendant was Plaintiff's "employer."

25. Plaintiff suffers from a disability as defined by the Americans with Disabilities Act, as amended.

26. Klippel-Trenaunay-Weber Syndrome is a disability covered by the Americans with Disabilities Act.

27. Plaintiff is covered by the ADA-AA because he is an individual:

   a. With a physical impairment that substantially limits one or more major life activities;

6

Filed                18-CI-00662    06/27/2018        Amy Feldman, Franklin Circuit Clerk

Presiding Judge: HON. PHILLIP J. SHEPHERD (648260)
COM : 000006 of 000015

Filed          18-CI-00662    06/27/2018        Amy Feldman, Franklin Circuit Clerk NOT ORIGINAL DOCUMENT
                                                                                06/27/2018 06:46:09 PM
                                                                                CourthouseNews-1

  b. With a record of a physical impairment that substantially limits one or more major life activities; and/or

  c. Was regarded as having a physical impairment that substantially limits one or more major life activities.

28. At all times relevant, Plaintiff was an "eligible employee" as defined by 29 U.S.C. § 2611(2)(A).

29. As of the date of his termination, Plaintiff had been employed by Defendant for at least twelve (12) months.

30. As of the date of his termination, Plaintiff had been employed by Defendant for at least 1,250 hours of service during the previous twelve (12) month period.

31. At all times relevant, Plaintiff was an "employee" as defined by 42 U.S.C. § 12111(4).

32. At all times relevant, Plaintiff was a "qualified individual" as defined by 42 U.S.C. § 12111(8).

33. Defendant hired Plaintiff in October 2014.

34. Plaintiff worked for Defendant as a Sales Manager earning approximately $6,000 per month.

35. In June 2017, Plaintiff suffered from an infection related to his disability requiring immediate medical treatment.

36. At all times relevant, Defendant was aware of Plaintiff's medical condition(s).

7

Filed          18-CI-00662    06/27/2018        Amy Feldman, Franklin Circuit Clerk

Presiding Judge: HON. PHILLIP J. SHEPHERD (648260)
COM : 000007 of 000015

Filed 18-CI-00662 06/27/2018 Amy Feldman, Franklin Circuit Clerk NOT ORIGINAL DOCUMENT
06/27/2018 06:46:09 PM
CourthouseNews-1

37. Plaintiff notified his supervisors of his need to take time off from work in June 2017 due to his serious health condition(s).

38. Plaintiff's request for time off was timely.

39. Defendant fired Plaintiff on June 18, 2017.

40. Defendant fired Plaintiff because he requested time off work to treat his disability.

41. Defendant fired Plaintiff because he requested time off work for a serious health condition.

42. The reason given by Defendant for Plaintiff's termination was that his position was being "eliminated."

43. At the time of his termination, Plaintiff was eligible for FMLA leave.

44. At the time of his termination, Plaintiff provided notice to Defendant of his need for FMLA-covered leave.

45. Plaintiff's notice for his need for leave was sufficient to alert Defendant that his request was for FMLA-covered leave.

46. Plaintiff suffered a serious health condition(s) as defined by the FMLA as his condition(s) was (were):

    a. An illness, injury impairment, or physical or mental condition involving inpatient care in a hospital;

    b. An illness, injury impairment, or physical or mental condition involving a period of incapacity or subsequent treatment in connection with or consequent to in patient care in a hospital;

8

Filed 18-CI-00662 06/27/2018 Amy Feldman, Franklin Circuit Clerk

Presiding Judge: HON. PHILLIP J. SHEPHERD (648260)
COM : 000008 of 000015

Filed                18-CI-00662    06/27/2018        Amy Feldman, Franklin Circuit Clerk NOT ORIGINAL DOCUMENT
                                                                                     06/27/2018 06:46:09 PM
                                                                                     CourthouseNews-1

    c.    An illness, injury impairment, or physical or mental condition involving a period of incapacity of more than three (3) days involving treatment two or more times by a health care provider;

    d.    An illness, injury impairment, or physical or mental condition involving a regimen of continued treatment under supervision of a health care provider; and/or

    e.    An illness, injury impairment, or physical or mental condition requiring multiple treatments for a condition that would likely result in a period in capacity of more than three (3) consecutive calendar days in the absence of medical intervention or treatment.

47.    Defendant's termination of Plaintiff in June 2017 interfered with Plaintiff's right to take available FMLA-covered leave.

48.    Defendant's decision to terminate Plaintiff was motivated, in whole or in part, by Plaintiff's request for FMLA-covered leave.

49.    Defendant's decision to terminate Plaintiff was motivated, in whole or in part, by Plaintiff's disability/perceived disability.

50.    Plaintiff was entitled to FMLA-covered leave pursuant to 29 U.S.C. §2612(a)(1).

51.    Defendant's actions violate the provisions of 29 U.S.C. §2615(a).

52.    Defendant's actions violate the provisions of 29 U.S.C. §2614(a).

53.    Defendants' actions constitute interference with Plaintiffs' rights under the FMLA.

Presiding Judge: HON. PHILLIP J. SHEPHERD (648260)
COM : 000009 of 000015
Filed                18-CI-00662    06/27/2018        Amy Feldman, Franklin Circuit Clerk

Filed          18-CI-00662    06/27/2018        Amy Feldman, Franklin Circuit Clerk NOT ORIGINAL DOCUMENT
                                                                            06/27/2018 06:46:09 PM
                                                                            CourthouseNews-1

54. Defendant's actions constitute retaliation in violation of Plaintiffs' rights under the FMLA.

55. Defendant's actions constitute discrimination in violation of Plaintiff's rights under the FMLA.

56. Defendant's actions constitute discrimination in violation of the ADA-AA.

57. Defendant's actions constitute retaliation in violation of the ADA-AA.

58. Defendant's actions were willful as Defendant knew or had reason to know that its actions violated the ADA-AA and/or the FMLA, yet it acted wantonly or with reckless disregard for the law.

59. Defendant is liable for the actions of its managers and/or agents taken within the scope of their employment with Defendant, including the decision to terminate Plaintiff.

60. Defendant's actions, if left unchecked, will deter other employees from exercising their rights under the ADA-AA and/or FMLA which will in turn thwart the purposes of Congress in enacting both statutes.

### COUNT I – Retaliation Under the FMLA

61. Plaintiff realleges and adopts the allegations of paragraphs 1-60 above as if fully set forth herein.

62. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

63. Defendant was Plaintiffs' employer as defined by the FMLA.

64. Defendant discriminated and/or retaliated against Plaintiff because he

10

Presiding Judge: HON. PHILLIP J. SHEPHERD (648260)

COM : 000010 of 000015

Filed    18-CI-00662    06/27/2018    Amy Feldman, Franklin Circuit Clerk NOT ORIGINAL DOCUMENT
06/27/2018 06:46:09 PM
CourthouseNews-1

exercised his rights under the FMLA.

65. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

66. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendants, which have caused and continue to cause irreparable harm.

67. Defendant's violations of the FMLA were willful.

68. Plaintiff is entitled to recover his attorneys' fees and costs pursuant to 29 U.S.C. § 2617(a)(3).

WHEREFORE, Plaintiff, Troy Lacy, respectfully requests entry of:

    a. judgment in his favor and against Defendant for violation of the anti-discrimination/anti-retaliation provisions of the FMLA;

    b. judgment in his favor and against Defendant for damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

    c. judgment in his favor and against Defendant for his reasonable attorneys' fees and litigation expenses;

    d. judgment in his favor and against Defendant for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

    e. declaratory judgment that Defendant's practices toward Plaintiff

11

Filed    18-CI-00662    06/27/2018    Amy Feldman, Franklin Circuit Clerk

Presiding Judge: HON. PHILLIP J. SHEPHERD (648260)
COM : 000011 of 000015

Filed        18-CI-00662    06/27/2018        Amy Feldman, Franklin Circuit Clerk NOT ORIGINAL DOCUMENT
                                                                           06/27/2018 06:46:09 PM
                                                                           CourthouseNews-1

violate Plaintiff's rights under the FMLA; and

    f.    an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

### COUNT II – Interference Under the FMLA

69. Plaintiff realleges and adopts the allegations of paragraphs 1-60 above as if fully set forth herein.

70. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

71. Defendant was Plaintiff's employer as defined by the FMLA.

72. Defendant's acts and omissions constitute interference with Plaintiff's rights under the FMLA.

73. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

74. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

75. Defendant's violations of the FMLA were willful.

76. Plaintiff is entitled to recover his attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

WHEREFORE, Plaintiff, Troy Lacy, respectfully requests entry of:

    a.    judgment in his favor and against the Defendant for its

Filed        18-CI-00662    06/27/2018        Amy Feldman, Franklin Circuit Clerk

Presiding Judge: HON. PHILLIP J. SHEPHERD (648260)
COM : 000012 of 000015

Filed            18-CI-00662    06/27/2018        Amy Feldman, Franklin Circuit Clerk NOT ORIGINAL DOCUMENT
                                                                                 06/27/2018 06:46:09 PM
                                                                                 CourthouseNews-1

interference with his rights under the FMLA;

  b. judgment in his favor and against Defendant for damages, including lost earnings and benefits, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

  c. judgment in his favor and against Defendant for his reasonable attorneys' fees and litigation expenses;

  d. judgment in his favor and against Defendant for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

  e. declaratory judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under the FMLA; and

  f. an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

### COUNT III – Disability/Perceived Disability Discrimination Under the ADA-AA

77. Plaintiff realleges and adopts the allegations of paragraphs 1-60 above as if fully set forth herein.

78. Plaintiff was a qualified individual with a disability.

79. Plaintiff was perceived as disabled by Defendant.

80. Defendant was Plaintiff's employer as defined by the ADA-AA.

81. Defendant discriminated/retaliated against Plaintiff because of his disability in violation of the ADA-AA.

82. Defendant was Plaintiffs' employer as defined by the FMLA.

83. Defendant discriminated and/or retaliated against Plaintiff because he

13

Filed            18-CI-00662    06/27/2018        Amy Feldman, Franklin Circuit Clerk

Presiding Judge: HON. PHILLIP J. SHEPHERD (648260)
COM : 000013 of 000015

Filed          18-CI-00662   06/27/2018        Amy Feldman, Franklin Circuit Clerk NOT ORIGINAL DOCUMENT
                                                                              06/27/2018 06:46:09 PM
                                                                              CourthouseNews-1

exercised his rights under the ADA-AA.

84. Defendant's conduct violated Plaintiff's right to be free from discrimination/retaliation as guaranteed by the ADA-AA.

85. Defendant's conduct violated Section 503(b) of the ADA-AA which makes it unlawful to coerce, intimidate, threaten or interfere with any individual who attempts to exercise rights afforded by the ADA-AA. See 42 U.S.C. § 12203.

86. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

87. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

88. Defendant's violations of the ADA-AA were willful.

89. Plaintiff is entitled to recover his attorneys' fees and costs pursuant to 42 U.S.C. § 1981a(a)(3).

WHEREFORE, Plaintiff, Troy Lacy, respectfully requests entry of:

a. judgment in his favor and against Defendant for its violation(s) of the ADA-AA.

b. judgment in his favor and against Defendant for damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

14

Presiding Judge: HON. PHILLIP J. SHEPHERD (648260)
COM : 000014 of 000015

Case: 3:18-cv-00039-GFVT Doc #: 1-1 Filed: 07/19/18 Page: 16 of 18 - Page ID#: 20

Filed  18-CI-00662  06/27/2018  Amy Feldman, Franklin Circuit Clerk NOT ORIGINAL DOCUMENT
06/27/2018 06:46:09 PM
CourthouseNews-1

  c.  judgment in his favor and against Defendant for his reasonable attorneys' fees and litigation expenses;

  d.  judgment in his favor and against Defendant for punitive damages;

  e.  declaratory judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under the ADA-AA; and

  f.  an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

### JURY DEMAND

The Plaintiff requests that upon trial of this action all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Respectfully submitted this 27th day of June, 2017,

/s/ *Christina J. Thomas*
Christina J. Thomas
Florida Bar Number 74846
cthomas@forthepeople.com
Bernard R. Mazaheri
Florida Bar Number 64397
bmazaheri@forthepeople.com
Morgan & Morgan
333 W. Vine St. Suite 1200
Lexington, KY 40507
*Counsel for Plaintiff*

15

## U'Sellis, Megan

| | |
|---|---|
| From: | Karin Comer <kcomer@oxmoorautogroup.com> |
| Sent: | Monday, July 2, 2018 2:05 PM |
| To: | U'Sellis, Megan |
| Subject: | FW: Notice of Service of Process - Transmittal Number: 18377422 |
| FilingDate: | 7/2/2018 6:22:00 PM |

From: sop@cscinfo.com <sop@cscinfo.com>
Sent: Monday, July 2, 2018 12:59 PM
To: Karin Comer <kcomer@oxmoorautogroup.com>
Subject: Notice of Service of Process - Transmittal Number: 18377422



## NOTICE OF SERVICE OF PROCESS

### Transmittal Number: 18377422
(Click the Transmittal Number to view your SOP)

Pursuant to client instructions, we are forwarding this summary and Notice of Service of Process.

| | |
|---|---|
| Entity: | Oxmoor Auto, Inc. |
| Entity I.D. Number: | 3526829 |
| Entity Served: | Oxmoor Auto, Inc. |
| Title of Action: | Troy Lacy vs. Oxmoor Auto, Inc. |
| Document(s) type: | Summons/Complaint |
| Nature of Action: | Discrimination |
| Court/Agency: | Franklin County Circuit Court, Kentucky |
| Case/Reference No: | 18-CI-00662 |
| Jurisdiction Served: | Kentucky |
| Date Served on CSC: | 06/29/2018 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | CSC |
| How Served: | Certified Mail |

**Sender Information:**

1

Christina J. Thomas
Not Shown

**Primary Contact:**
Karin Comer
Farmer Commercial Real Estate Limited Partnership

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the document(s) and taking appropriate action.

251 Little Falls Drive, Wilmington, Delaware 19808-1674
(888) 690-2882   |   sop@cscglobal.com